IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEAN CAROLYN JACOBS, | * | |
| Plaintiff | * | |
| v. | * | Case No.: 1:22-cv-02437-BPG |
| NISSAN NORTH AMERICA, INC., | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## Defendant's Amended Memorandum in Support of Response to Motion for Summary Judgment

The Plaintiff has filed a combined and convoluted response to Defendant's Motion for Judgment on Pleadings which includes a Motion for Summary Judgment. The Plaintiff's Motion for Summary Judgment is filed substantially after the deadline for discovery set forth in the scheduling order and should be dismissed on those grounds. It is difficult to divine exactly what facts the Plaintiff has relied upon for her summary judgment motion but it seems to be a claim that the Defendant did not file an answer while the case was pending in the Circuit Court for Baltimore City. Plaintiff believes incorrectly this should have resulted in an automatic default. The dispute over service has been exhaustively litigated and lost by the Plaintiff. A short recitation of the facts related to service is a follows:

The Plaintiff failed to properly serve the Defendant over a substantial period of time. The Circuit Court for Baltimore City continually denied numerous requests for an order of default. The Plaintiff appealed the Court's Orders denying default to the Appellate Court of Maryland which dismissed the interlocutory appeal as premature. See Plaintiff's Exhibit D-1 et seq.

On June 29, 2022, the Circuit Court required the Defendant to state whether counsel would waive service and file a responsive pleading. See Ex A.

On July 28, 2022, the Defendant indicated that it would accept service and would respond. See Ex B. As of that date, service had not been properly effected. The Plaintiff did finally properly serve the Defendant which then exercised its right to timely remove the matter to this Court on September 26, 2022. The Notice of Removal is incorporated herein as if set forth fully. The Defendant then timely filed an answer to the complaint.

0194656;3

The case is currently at issue in this court. Any argument in favor of summary judgment by the Plaintiff based upon service is specious under any circumstances.

Summary Judgment as to Liability

The Plaintiff attached a great many pieces of paper alleged to be related to her (Amended) complaint. However, at no time has she retained an expert or obtained an expert opinion which would support the allegations of her complaint. **Mohammad v. Toyota Motor Sales, U.S.A., Inc.** 179 Md. App. 693, 947 A.2d 598 (We conclude that, on the record *sub judice,* in the absence of expert testimony, a reasonable jury would not be able to determine either the existence of a defect **\*\*610** or causation without engaging in speculation. *See Crickenberger v. Hyundai Motor America,* 404 Md. at 54, 944 A.2d 1136.)

The Plaintiff has not provided any relevant, admissible evidence related to alleged defects in her vehicle nor has she provided any medical opinion to support her alleged damages. None of the Plaintiff's documents are submitted with an affidavit from a person qualified to authenticate. Mere attaching of documents without context cannot support a claim for summary judgment. The Plaintiff has attached various documents which allege to be related to recalls but fails to provide any evidence that there was a defect in her vehicle which is causally related to injuries suffered. The Plaintiff has attached summaries of medical visits without authentication as to causality or reasonableness.

## **CONCLUSION**

The Plaintiff's Motion for Summary Judgment should be denied.

Respectfully submitted,

/s/ Steven R. Freeman
Steven R. Freeman 02927
Jeffrey P Nesson 02512
Freeman Associates, LLC
409 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 842-6600
srf@freemanlaw.us
jpn@freemanlaw.us
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of February, 2024, a copy of the foregoing Answer to Motion for Summary Judgment and Memorandum in Support were served via the first-class mail, postage prepaid, to the following:

    Jean Carolyn Jacobs
    4804 Teal Wing Court #203
    Columbia, Maryland 21044
    *Plaintiff, pro se*

                                      <u>/s/ Jeffrey P Nesson</u>
                                      Jeffrey P Nesson