IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEAN CAROLYN JACOBS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-22-2437 |
| NISSAN NORTH AMERICA, INC., | * | |
| Defendant. | * | |

***

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Nissan North America, Inc.'s ("Nissan") Motion to Dismiss (ECF No. 40), Motion for Judgment on the Pleadings (ECF No. 43), and Motion to Strike (ECF Nos. 49, 51), and self-represented Plaintiff Jean Carolyn Jacobs' Motion for Summary Judgment (ECF No. 45). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will deny as moot the Motion to Dismiss, grant in part the Motion for Judgment on the Pleadings, grant in part the Motion to Strike, and deny Jacobs' Motion for Summary Judgment.

## I.    BACKGROUND

The Complaint arises out of a collision that took place in Silver Spring, Maryland on May 9, 2018, while Jacobs was driving a 2013 Nissan Sentra.[1] (Corrected Am. Compl.

---

[1] Unless otherwise noted, the Court takes the following facts from the Corrected Amended Complaint (ECF No. 42) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

¶¶ 3–4, ECF No. 42). Jacobs alleges that she sustained injuries when, as a result of the collision, her head hit the steering wheel and the airbags did not deploy. (Id. ¶ 4). Jacobs alleges that Nissan's negligence in the design and manufacture of their vehicle caused her injuries. (Id. ¶¶ 6–8).

Jacobs filed an initial Complaint in the Circuit Court for Baltimore City on January 15, 2021, alleging that Nissan was negligent in the design and manufacture of the airbag system. (Compl. ¶¶ 6–7, ECF No. 3) (emphasis added). Nissan removed the case to this Court on September 26, 2024, on the basis of diversity jurisdiction. (Notice of Removal at 1, 3, ECF No. 1).[2] Jacobs filed an Amended Complaint on January 9, 2024, now claiming that Nissan was negligent in the design or manufacture of the airbag system, seatbelt, and steering column. (Am. Compl. ¶¶ 6–7, ECF No. 39) (emphasis added). Nissan filed a Motion to Dismiss on January 11, 2024, arguing that Jacobs' Amended Complaint must be dismissed for failure to include any allegations set out in the original Complaint. (Mot. Dismiss at 2, ECF No. 40). Jacobs filed a "Corrected Amended Complaint" on January 24, 2024, which included the allegations in the original Complaint as well as the new allegations regarding the seatbelt, steering column, and "any and all other faulty equipment." (Corrected Am. Compl. ¶¶ 6–8; Redlined Complaint at 2, ECF No. 42-3). Nissan filed a Motion for Judgment on the Pleadings on February 1, 2024. (ECF No. 43). Jacobs filed an Opposition to the Motion for Judgment on the Pleadings and a Motion for

---

[2] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Summary Judgment on February 21, 2024.[3] (ECF No. 45). Nissan filed an Opposition to

Jacobs' Motion for Summary Judgment on February 27, 2024, (ECF No. 48), and Jacobs

filed a Reply on May 7, 2024, (ECF No. 58). Jacobs filed a document titled "Upholding

and Applying the Rules of Law" on February 21, 2024, (ECF No. 47). Nissan moved to

strike the document on February 27, 2024, (ECF Nos. 49, 51), and Jacobs filed multiple

Oppositions. (ECF Nos. 56, 59, 60).

## II.    DISCUSSION

### A.    Motion for Summary Judgment

In response to Nissan's Motion for Judgment on the Pleadings, Jacobs filed an

Opposition, which included a Motion for Summary Judgment. (Resp. Opp'n Def.'s Mot.

J. on the Pleadings and Pl.'s Mot. Summ. J. ["Mot. Summ. J."] at 1, ECF No. 45). Nissan

opposes this Motion on the grounds that "[t]he Plaintiff has failed to state any facts in

support of her Motion for Summary Judgment." (Opp'n Mot. Summ. J. at 1, ECF No. 50).

In reviewing a motion for summary judgment, the Court views the facts in a light

most favorable to the nonmovant, drawing all justifiable inferences in that party's

favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Scott v. Harris, 550 U.S. 372,

380 (2007)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v.

S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the

movant demonstrates, through "particular parts of materials in the record, including

depositions, documents, electronically stored information, affidavits or declarations,

---

[3] Jacobs also requested a hearing. (ECF No. 46). As the Court determined that no
hearing is necessary, this request is denied. See Local Rule 105.6 (D.Md. 2023).

stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Here, Jacobs has not put forth any facts to support a Motion for Summary Judgment and only attaches unauthenticated documents related to medical visits and recall lists. (See generally Mot. Summ. J.; see also Nissan Recall List at 1–2, ECF No. 45-8).[4] Jacobs argues that her Amended Complaint falls within Maryland's statute of limitations for tort claims and that, as a procedural matter, Default Judgment should have been granted for her in state

---

[4] The Court notes without deciding that the recall list may not be admissible in evidence. Maryland Rule 5–407 governs when evidence of subsequent remedial measures may be admitted and provides:

> (a) In general. When, after an event, measures are taken which, if in effect at the time of the event, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event.
> (b) Admissibility for other purposes. This Rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as (1) impeachment or (2) if controverted, ownership, control, or feasibility of precautionary measures.

The Rule is based on corresponding Federal Rule of Evidence 407. See Angelakis v. Teimourian, 822 A.2d 494 (Md.App. 2003).

court.[5] (Mot. Summ. J. at 5–6, 10–13). These arguments, while in part responsive to Nissan's Motion for Judgment on the Pleadings, do not support a Motion for Summary Judgment. Jacobs has not met her burden of showing entitlement to judgment as a matter of law.

Even interpreting Jacobs' Motion as one for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), the Motion fails. A motion for judgment on the pleadings "should not be granted unless it appears to a certainty that the non-moving party cannot prove any set of facts in support of its claim that would entitle it to relief." United States v. Castillo, No. PWG-19-3459, 2021 WL 825974, at *3 (D.Md. Mar. 4, 2021) (quoting Shooting Point, LLC v. Cumming, 238 F.Supp.2d 729, 735 (E.D.Va. 2002). Jacobs has not put forward any facts regarding Nissan's alleged negligence in the Motion for Summary Judgment and has not shown at all, let alone with certainty, that Nissan cannot prevail in this litigation. Accordingly, Jacobs' Motion for Summary Judgment is denied.

**B.    Motion to Strike**

As an attachment to her Motion for Summary Judgment, Jacobs filed a document titled "Upholding and Applying the Rules of Law." (ECF No. 47). The document largely reiterates arguments made in Jacobs' prior filings. (See generally Upholding and Applying the Rules of Law, ECF No. 47). The document also includes confidential statements made

---

[5] Jacobs argues that Nissan failed to timely file an answer and thus she is entitled to default judgment fail. The State Court record indicates that Jacobs did not file proof of service in State Court, and the State Court repeatedly denied her motions for Default Judgment. (State Court Docket at 1–4, ECF No. 1-2; State Court June 29th, 2022 Order at 1, ECF No. 1-4).

during settlement discussions between the parties. (Upholding and Applying the Rules of Law ¶ 2). Nissan moved to strike this correspondence. (ECF Nos. 49, 51).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are "generally viewed with disfavor." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001). "Although some cases have held that Rule 12(f) may be used to strike documents other than pleadings, the weight of recent authority is that such an action is not contemplated or permitted by the Rules." Anusie-Howard v. Todd, 920 F.Supp.2d 623, 627 (D.Md. 2013) (collecting cases), aff'd, 615 F.App'x 119 (4th Cir. 2015).

28 U.S.C. § 652(d) requires each district court to provide, by local rule, "for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications." In the District of Maryland, Local Rule 607.4 provides:

> The Court's ADR process is confidential. Unless otherwise agreed by the parties and the Court, no disclosure shall be made to anyone, including the judicial officer to whom the case is assigned, of any dispute resolution communication that in any respect reveals the dispute resolution positions of the parties or advice or opinions of neutrals. No such communication shall be admissible in any subsequent proceeding except as permitted by the Federal Rules of Evidence.

Jacobs' "Upholding and Applying the Rules of Law" document improperly contains the terms of proposed settlement agreements in violation of Local Rule 607.4. (Upholding and Applying the Rules of Law ¶ 2). The Court will grant the Motion to Strike in part,

strike the specifics of settlement discussions from the document, and direct the Clerk to seal the document. See Consumer Fin. Prot. Bureau v. Access Funding, LLC, No. ELH-16-3759, 2022 WL 252953, at *3 (D.Md. Jan. 26, 2022). The Motion to Strike will otherwise be denied in accordance with the weight of authority that Rule 12(f) should not be used to strike documents other than pleadings. See Anusie-Howard, 920 F.Supp.2d at 627.

### C.      Motion for Judgment on the Pleadings

#### 1.      Standard of Review

Under the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The Court applies the same standard to Rule 12(c) motions for judgment on the pleadings and 12(b)(6) motions to dismiss for failure to state a claim. Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014). The Court tests "the sufficiency of a complaint" but will not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). As the Court addresses sufficiency, it bears in mind the requirements of Federal Rule of Civil Procedure 8, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and state "a plausible claim for relief," Iqbal, 556 U.S. at 678–79. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a 12(c) motion, "all well-pled facts are assumed to be true and all reasonable inferences are drawn in favor of the non-moving party." Language Doctors, Inc. v. MCM 8201 Corp., LLC, No. PWG-20-1755, 2021 WL 718940, at *3 (D.Md. Feb. 24, 2021); Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 702 (4th Cir. 2016). "Ultimately, a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." Somerville v. W. Town Bank & Tr., No. PJM-19-490, 2020 WL 8256358, at *1 (D.Md. Dec. 4, 2020). "Moreover, unlike a Rule 12(b)(6) motion, a Rule 12(c) motion requires the court to consider and decide the merits of the case, on the assumption that the pleadings demonstrate that there are no meaningful disputes as to the facts such that the complaint's claims are ripe to be resolved at this very early stage of the litigation." Id. A motion for judgment on the pleadings "should not be granted unless it appears to a certainty that the non-moving party cannot prove any set of facts in support of its claim that would entitle it to relief." United States v. Castillo, No. PWG-19-3459, 2021 WL 825974, at *3 (D.Md. Mar. 4, 2021) (quoting Shooting Point, LLC v. Cumming, 238 F.Supp.2d 729, 735 (E.D.Va. 2002)).

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see Spencer v. Earley, 278 F.App'x 254, 259–60 (4th Cir. 2008) ("Dismissal of a pro se complaint . . . for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972))). Nonetheless, "liberal construction does not absolve Plaintiff from pleading a plausible claim." Desgraviers v. PF Frederick, LLC, 501 F.Supp.3d 348, 351 (D.Md. 2020) (quoting Bey v. Shapiro Brown & Alt, LLP, 997 F.Supp.2d 310, 314 (D.Md. 2014)).

### 2.    Analysis

As a federal court sitting in diversity, this Court is obligated to apply Maryland's choice of law rules. Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007). Under Maryland's choice of law rules, both Maryland substantive law and procedural law apply to Jacobs' claims. See Sokolowski v. Flanzer, 769 F.2d 975, 978 (4th Cir. 1985) ("In tort actions, Maryland adheres to the traditional substantive-procedural conflict of laws dichotomy whereby the law of the state where the tort occurred governs substantive matters while the law of the forum state governs procedural concerns."); see also McNulty v. Casero, 479 F.Supp.3d 200, 211 (D.Md. 2020) ("Maryland courts must 'apply the law of the State where the injury – the last event required to constitute the tort – occurred.'" (quoting Lab. Corp. of Am. v. Hood, 911 A.2d 841, 845 (Md. 2006))).

In Maryland, claims of "negligence . . . are subject to the statute of limitations articulated in Section 5–101 of the Courts and Judicial Proceedings Article of the Maryland Code which requires that a claim must be filed within three years from the date the action accrues." Litz v. Md. Dep't of Env't, 76 A.3d 1076, 1086 (Md. 2013); see Md. Code Ann., Cts. & Jud. Proc. § 5.101 ("A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.").

There is no dispute that the negligence claims accrued on May 9, 2018, when the vehicle accident took place. (See Corrected Am. Compl. ¶¶ 3–4). Jacobs filed the initial Complaint, alleging negligent design and manufacture of the airbag system, on January 15, 2021, prior to the expiration of the statute of limitations. (ECF No. 1). Jacobs filed the two Amended Complaints, which expanded the allegations to include the design and manufacture of the seatbelt, steering column, and "any and all other faulty equipment," (Am. Compl. ¶ 6; Redlined Complaint at 2), on January 9 and January 24, 2024, respectively, both after the expiration of the statute of limitations.[6] (ECF Nos. 39, 42). However, if the amended complaints "relat[e] back" to the initial complaint, the Court must

---

[6] When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded. See Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc., 555 U.S. 438, 456 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint."). Here, the Court finds that the Corrected Amended Complaint superseded the initial Amended Complaint and considers it the operative complaint. Accordingly, Nissan's Motion to Dismiss (ECF No. 40) will be denied as moot.

treat such complaints as if they had been filed on the date of the initial complaint, here May 9, 2018, within the statute of limitations. See Fed.R.Civ.P. 15(c).

Federal Rule of Civil Procedure 15(a)(1)(B) permits a plaintiff to amend her complaint as a matter of course within "21 days after service of a responsive pleading." If a plaintiff fails to amend her complaint within twenty-one days as a matter of course, she may amend her pleading "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Here, the Court granted Jacobs' motion to file the initial amended complaint. (January 9, 2024 Order at 1, ECF No. 38). Jacobs filed the "Corrected Amended Complaint," shortly after the initial Amended Complaint. (ECF Nos. 39, 42). The Court finds that the Corrected Amended Complaint supersedes the initial Amended Complaint and thus, considers it the operative complaint.

Rule 15(c), provides, in relevant part, that an amendment relates back to the date of the original pleading when: (1) relation back is allowed by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out —in the original pleading." Fed.R.Civ.P. 15(c); see Tischler v. Balt. Bancorp, 801 F.Supp. 1493, 1497 (D.Md. 1992) ("The purpose of Rule 15(c) is to provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed."). The Fourth Circuit has articulated two requirements for a claim to relate back under Rule 15(c): (1) there must be a "factual nexus between the amendment and the original complaint," and (2) the

11

defendant must have "notice of the claim" and must "not be prejudiced by the amendment."

Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983); see also Chang–Williams v. Dep't

of the Navy, 766 F.Supp.2d 604, 630 (D.Md. 2011).

Both the initial Complaint and the Amended Complaint arise from the same

collision and concern the same vehicle. Accordingly, there may be a "factual nexus"

between the original Complaint and the Amended Complaint. Regardless, however, the

Court cannot find that the original Complaint fairly put Nissan on notice that Jacobs was

alleging defects in any component of the vehicle other than the airbag. "The rationale of

Rule 15(c) is that a party who has been notified of litigation concerning a particular

occurrence has been given all the notice that statutes of limitations were intended to

provide." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 n.3 (1984); see also

Schiavone v. Fortune, 477 U.S. 21, 31 (1986) ("The linchpin is notice, and notice within

the limitations period."), superseded by rule on other grounds. Jacobs did not raise an issue

with any component of the vehicle other than the airbag until January, 2024, three years

after the filing of the original Complaint and over two and a half years after the statute of

limitations had expired. Jacobs argues that the Complaint put Nissan on notice of other

alleged defects because the initial Complaint included a catchall claim that "[t]he collision

was due to the negligence of the Defendant . . . [i]n other respects, not now known to the

Plaintiff but which may become known before or at the time of trial." (Compl. ¶ 6; Mot.

Summ. J. at 10–11). The catchall claim plainly fails to give Nissan "fair notice of what the

plaintiff's claim is and the grounds upon which it rests." See Swierkiewicz v. Sorema N.A.,

534 U.S. 506, 512 (2002) (internal quotation marks and citation omitted); see e.g. Carter

v. Williams, No. 7:22-CV-00502, 2024 WL 1337199, at *10 (W.D.Va. Mar. 28, 2024).

Accordingly, the Court finds that Nissan was not on notice of any alleged defects in

Jacobs' vehicle other than the airbag until the filing of the Amended Complaint. The parties

have already completed discovery, and the Corrected Amended Complaint adds new

allegations of negligence for which discovery would be required. "An amended complaint

will not relate back . . . if it states an entirely new cause of action based on facts different

from the facts alleged in the original complaint." Hooper v. Sachs, 618 F.Supp. 963, 977

(D.Md. 1985), aff'd, 823 F.2d 547 (4th Cir. 1987). The Court also finds that Nissan would

be prejudiced by the amendment, and therefore, the additional allegations in the amended

Complaint do not "relate back."

Pro se complaints are held to a less stringent standard than those drafted by

attorneys, and courts must construe these complaints liberally. Erickson, 551 U.S. at 94.

Still, "even pro se litigants are expected to comply with time requirements and other

procedural rules 'without which effective judicial administration would be impossible.'"

Dancy v. Univ. of N.C. at Charlotte, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at

*2 (W.D.N.C. Aug. 3, 2009) (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989)).

Pro se plaintiffs still must comply with statutes of limitations, in part to avoid the prejudice

that would result to defendants who are not given notice that statutes of limitations aim to

provide. Baldwin Cnty. Welcome Ctr, 466 U.S. at 150 n.3.

Jacobs' claims concerning Nissan's negligent design and manufacture of its 2013 Sentra seatbelts, steering column, and miscellaneous "faulty equipment" fall outside Maryland's 3-year statute of limitations and must be dismissed. Jacobs' claims regarding negligent design and manufacture of the airbag system were timely raised and survive Nissan's Motion for Judgment on the Pleadings.[7]

### III.    CONCLUSION

For the foregoing reasons, the Court will deny as moot Nissan's Motion to Dismiss (ECF No. 40), deny Jacobs' Motion for Summary Judgment (ECF No. 45), grant in part and deny in part Nissan's Motion for Judgment on the Pleadings (ECF No. 43), and grant in part and deny in part Nissan's Motion to Strike (ECF Nos. 49, 51) by separate Order which follows. The Motion for Judgment on the Pleadings (ECF No. 43) is granted insofar as the Court dismisses the allegations concerning the seatbelts, steering column, and miscellaneous "faulty equipment." The Motion for Judgment on the Pleadings is denied insofar as the claims related to the airbag system will go forward. The Motion to Strike (ECF Nos. 49, 51) is granted insofar as it seeks to strike specifics of settlement discussions from the "Upholding and Applying the Rules of Law" document (ECF No. 47), and the Clerk will be directed to seal the document. The Motion to Strike is otherwise denied.

---

[7] Nissan asserts no other grounds for dismissing the airbag system claims. (See generally Mem. Supp. Mot. J. on the Pleadings, ECF No. 43-1).

15

Entered this 20th day of June, 2024.

_____/s/_____

George L. Russell, III
United States District Judge

15